IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY DON HALEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1870 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas case challenging his conviction and fourteen year sentence for family violence assault. Petitioner claims that his trial counsel was ineffective in failing to investigate his 2005 enhancement conviction for domestic violence. He contends that, had counsel investigated the facts of that conviction, she would have discovered that the victim was not a family member, and that the resulting sentence in his primary case would have been only one year's imprisonment.

A review of public court records shows that petitioner raised this issue in an application for state habeas relief, which was dismissed as an abuse of the writ by the Texas Court of Criminal Appeals on February 24, 2016. Petitioner informed the Court of this prior proceeding, and requested leave to proceed on the procedurally defaulted claim. However, further review by this Court shows that petitioner filed a subsequent, undisclosed application for state habeas relief with the trial court on November 17, 2016, raising this same issue. The trial court dismissed the petition on December 7, 2016, and ordered the petition to be

transmitted to the Texas Court of Criminal Appeals. To-date, no ruling has been issued by the Texas Court of Criminal Appeals.

Because petitioner's application for state habeas relief raising the instant issue remains pending in the state court, the Court declines at this time to adjudicate petitioner's federal habeas petition. This case is DISMISSED WITHOUT PREJUDICE due to pendency of the state court action. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Petitioner is advised that he may move to reopen this case within twenty-eight days from date of this dismissal, should the Texas Court of Criminal Appeals deny or dismiss his pending state habeas application within that time. After expiration of twenty-eight days, petitioner must file a new petition should he intend to pursue his claim in federal court.

Signed at Houston, Texas on December 30, 2016.

_____
Gray H. Miller
United States District Judge